108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sergio GARCIA, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden, Respondent-Appellee.
 No. 96-55487.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sergio Garcia, a California prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus. Garcia contends that the district court erred by failing to grant an evidentiary hearing on his ineffective assistance of counsel claims. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo the district court's denial of Garcia's section 2254 petition, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and review for an abuse of discretion the district court's decision to deny an evidentiary hearing. See Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991). We affirm.
 
 
 3
 "A habeas corpus petitioner is entitled to an evidentiary hearing if he has alleged facts which, if proven, would entitle him to relief and he did not receive a full and fair evidentiary hearing in a state court." Id. A successful claim of ineffective assistance of counsel requires a showing both that counsel's performance was deficient and that this deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). We must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690.
 
 
 4
 Here, a review of the record shows that the alleged deficiencies on the part of Garcia's trial counsel were not outside the range of professionally competent assistance and did not have an effect on the outcome of Garcia's trial. See id. at 687, 690. Garcia asserts that if his counsel had subpoenaed hospital records or called hospital employees to testify, they would have shown that he was at the hospital when the crime was being committed. The record indicates that Garcia's counsel did subpoena Garcia's hospital records, but that because the records did not corroborate Garcia's version of events, counsel instead used the testimony of various witnesses to establish the time that Garcia had been taken to the hospital. This was a reasonable decision on counsel's part and was not outside the "wide range of professionally competent assistance." See id. at 690.
 
 
 5
 Garcia asserts that his counsel should have employed a forensics expert to counter the prosecution's blood evidence. At trial, however, Garcia testified that he had been cut on the wrist at the crime scene prior to the crime taking place. By so testifying, Garcia admitted that blood at the crime scene belonged to him. Accordingly, counsel's decision not to employ a forensics expert was not outside the range of competent assistance. See id.
 
 
 6
 Although it is not clear what investigations Garcia believes his counsel should have undertaken, he appears to contend that his counsel failed to investigate the exact time Garcia arrived at the hospital on the night of the offense. As discussed above, counsel subpoenaed hospital records and upon discovering that they did not corroborate Garcia's story, he presented witnesses who would support Garcia's version of events. Garcia does not assert what further investigation would have been appropriate under the circumstances.
 
 
 7
 Finally, because there is no indication in the record that the prosecution's case was based on false evidence, Garcia's contention that, but for counsel's omissions, such evidence would not have succeeded is without merit.
 
 
 8
 Because Garcia has not alleged facts regarding ineffective assistance of counsel that, if proven, would entitle him to relief, the district court did not abuse its discretion by denying an evidentiary hearing on Garcia's ineffective assistance of counsel claims. See id. at 687, 690; Greyson, 937 F.2d at 1412.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Garcia's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3